**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON E. HOLMES, | ) | CASE NO. 3:21-CV-00242-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN CHARMAINE BRACY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |
| | ) | |

## I.     Introduction

Petitioner, Sharon Holmes, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Holmes is currently serving a five-year sentence for drug trafficking. Holmes asserts three grounds for relief. (ECF No. 1). Respondent, State of Ohio, filed a return of writ on August 3, 2021. (ECF No. 10). Holmes filed a traverse on August 24, 2021 (ECF No. 12) and supplements on August 24, 2021 (ECF No. 13), November 18, 2021 (ECF No. 15), May 4, 2022 (ECF No. 17), and January 25, 2013 (ECF No. 19). Respondent replied to the traverse and supplements on August 26, 2021 (ECF No. 14) and May 17, 2022 (ECF No. 18).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Holmes's petition and other case-dispositive motions. Because Holmes has presented only non-cognizable and procedurally defaulted claims, I recommend that the Court deny her petition in its entirety and not grant her a certificate of appealability.

## II.     Relevant Factual Background

1

The Ohio Court of Appeals for the Third Appellate District set forth the following facts[1]

on direct appeal:

> {¶2} This case arises from a March 6, 2017 stop of Holmes's vehicle on Interstate 75 in Allen County, Ohio. (Mar. 21, 2018 Tr. at 18-19). On approaching Holmes's vehicle, the law enforcement officer who stopped the vehicle detected the odor of raw marijuana emanating from within the vehicle and proceeded to conduct a probable cause search for marijuana. (*Id*. at 19-20). During the search, law enforcement officers discovered a prescription pill bottle that contained a quantity of multicolored pills enclosed in a knotted plastic bag. (*Id*. at 28). The pills were seized and later identified as pentylone and methamphetamine. (Doc. No. 1).

*State of Ohio v. Holmes*, No. 1-18-52, 2019-Ohio-2485, ¶ 2, 139 N.E.3d 574, 578 (3d Dist. Ohio

June 24, 2019).


III.    **Relevant State Procedural History**

    A.    **Indictment**

On July 13, 2017, Holmes was indicted on four counts: Counts One and Three of

aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), second-degree

felonies, and Counts Two and Four of aggravated possession of drugs in violation of R.C.

2925.11(A), (C)(1)(c), second-degree felonies. (ECF No. 10-1, PageID #: 137, Ex. 1). Holmes

was arraigned on December 20, 2017 and pleaded not guilty to each of the counts of the

indictment. *Holmes*, 2019-Ohio-2485, ¶ 3.

    B.  **Change of Plea and Sentencing**

Following an assortment of pre-trial motions, on July 11, 2018, Holmes, under a

negotiated plea agreement, withdrew her not guilty plea and entered a plea of no contest to Count

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

One of the indictment. *Id*. at ¶ 6. The trial court accepted Holmes's plea, dismissed Counts Two, Three, and Four, and found her guilty of Count One. *Id*. On September 6, 2018, the trial court sentenced Holmes to a mandatory term of five years in prison, a mandatory fine in the amount of $7,500, and a three-year term of post release control following completion of her prison sentence. (ECF No. 10-1, PageID #: 213-14, Ex. 15).

### C.  Direct Appeal

Holmes, through counsel, timely appeased and raised the following claims on direct appeal:

1.  The trial court should have dismissed the indictment for number of jurors because Crim.R. 6(A) is unconstitutional, in violation, in violation of Article I, Section 10, of the Ohio Constitution and R.C. §2939.02.

2.  The trial court should have suppressed the fruits of a warrantless search of Mrs. Holmes' pill bottle.

3.  The trial court should have suppressed the fruits of a warrantless stop of Mrs. Holmes' vehicle.

4.  The trial court denied due process and the effective assistance of counsel by refusing to allow fair cross-examination of the State witness.

(*Id*., PageID #: 232, Ex. 17). The State filed an Appellee's brief (*id*., PageID #: 304, Ex. 18), Holmes filed a reply brief (*id*., PageID #: 356, Ex. 19), and on June 24, 2019, under Case No. 1-18-52, the state appellate court overruled Holmes's error assignments and affirmed her conviction and sentence. *Holmes*, 2019-Ohio-2485, ⁋ 59.

### D.      Appeal to the Ohio Supreme Court

On August 2, 2019, Holmes, through counsel, appealed to the Ohio Supreme Court. (ECF No. 10-1, PageID #: 399, Ex. 21). Holmes's memorandum in support of jurisdiction raised the following propositions of law:

> **Proposition of Law I:** The Trial Court should have dismissed the Indictment for insufficient number of jurors because Crim. R. 6(A) is unconstitutional, in violation of Article I, §10, of the Ohio Constitution and R.C. §2939.02
>
> **Proposition of Law II:** The Trial Court should have suppressed the fruits of a warrantless stop of Mrs. Holmes' vehicle

(*Id.*, PageID #: 402, Ex. 22). On November 6, 2019, the Ohio Supreme Court declined jurisdiction. (*Id.*, PageID #: 454, Ex. 23).

## IV.    Federal Habeas Corpus Petition

On January 12, 2021, Holmes petitioned pro se that this Court issue a writ of habeas corpus. (ECF No. 1). Holmes asserted the following grounds for relief:

> **GROUND ONE:** Lack of sufficient number of grand jurors my first grand jury 2017-007 and 2017-0226 should be the same.
>
> **Supporting Facts:** They had fifteen grand jurors for my first grand jury indictment it came back (No Bill). The second re-indictment with grand jury of nine persons which they took seven person to indictment me it was not legally empaneled grand jurors they both was the same case just they changed the number of the case same case date. (*sic*)
>
> **GROUND TWO:** Ineffective conusel (*sic*).
>
> **Supporting Facts:** Courts did not allow my attorney proper examination. He did not file on stuff I ask him if he couldn't to cross I ask him he was ineffective. He was not a good attorney the important and proper way he did not act on. His brief was short like he wasn't capiable of doing or trained in appeals or appelates. (*sic*)
>
> **GROUND THREE:** Search of pill bottle was looking for marijuana and can clearly see it was pills.
>
> **Supporting Facts:** They was searching for marijuana and a little pill bottle could see it was pill should not been open if they seen a plastic bag in a bottle it still showed pills not marijuana and it was in a purse and they had no warrant to search the property only the vehicle. They should have suppressed the fruit of a warrantless search of my purse and my pill bottle.

(ECF No. 1 at 5-8).

## V.    Legal Standards

### A.    Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-10 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1064 (2021). There is no dispute that Holmes timely filed her federal habeas corpus petition within the 28 U.S.C. §2244(d) 1-year statute of limitations.

### B.    Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Allen County sentenced Holmes, and Allen County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Holmes's § 2254 petition.

### C.    Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge their custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not

function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

### D. Exhaustion

"A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for relief. 28 U.S.C. § 2254(b) and (c)." *Gordon v. Bradshaw*, No. 104 CV 2299, 2007 WL 496367, at *12 (N.D. Ohio Feb. 12, 2007). "A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state supreme court has had a full and fair opportunity to rule on the claims." *Id.* (citing *Dickerson v. Mitchell*, 336 F.Supp.2d 770, 786 (N.D. Ohio 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990))). "If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot review the merits of the claim." *Id.* (citing *Rust*, 17 F.3d at 160). "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

### E. Procedural Default

Procedural default occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state

procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 1570, 71 L. Ed. 2d 783 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the

petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) ("The 'fundamental miscarriage of justice' gateway is open to a

petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

## VI.    Discussion

### A.    Ground One

Ground One states: "Lack of sufficient number of grand jurors my first grand jury 2017-007 and 2017-0226 should be the same." (ECF No. 1 at 5). In support, Holmes states "They had fifteen grand jurors for my first grand jury indictment it came back (No Bill). The second re-indictment with grand jury of nine persons which they took seven person to indictment me it was not legally empaneled grand jurors they both was the same case just they changed the number of the case same case date." (*Id.*). Respondent argues that Holmes first ground is not cognizable, not fairly presented, unexhausted, procedurally defaulted, and meritless.

This Court agrees with Respondent that Ground One is not cognizable on habeas review and should be dismissed. "The right to indictment by grand jury in the Fifth Amendment to the United States Constitution is one of the few remaining provisions of the Bill of Rights that has not been declared applicable to the States." *Waller v. Tibbals*, No. 3:15-cv-310, 2016 WL 3906234 *13, (S.D. Ohio 2016) (citing *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 292, 28 L.Ed. 232 (1984); *Branzburg v. Hayes*, 408 U.S. 665, 687-88 n.25, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); and *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). "Although the State of Ohio may require indictment by a grand jury pursuant to its own constitution, any violation of such right [or error relating to that right] is a matter of state law." *Lane v. Coleman*, No. 3:11-cv-1178, 2014 WL 849179 *17 n.11, (N.D. Ohio 2014). Because the grand jury proceedings proceeded under Ohio law, any error in them is not cognizable on federal habeas

review. *Gilmore v. Taylor*, 508 U.S. 333, 334 (1993), *citing Estelle*, 502 U.S. 62. "Indeed, as far as the U.S. Constitution is concerned, [Holmes] case could have proceeded [ ] without any grand jury indictment at all." *See Franklin v. Marquis*, No. 5:17-CV-2002, 2019 WL 11816553, at *13 (N.D. Ohio Oct. 31, 2019), *report and recommendation adopted*, No. 5:17-CV-2002, 2021 WL 861614 (N.D. Ohio Mar. 8, 2021).

Accordingly, Ground One should be dismissed as not cognizable.

### B. Ground Two

In Ground Two, Holmes raises ineffective assistance of counsel. In support, she states "Courts did not allow my attorney proper examination. He did not file on stuff I ask him if he couldn't to cross I ask him he was ineffective. He was not a good attorney the important and proper way he did not act on. His brief was short like he wasn't capiable of doing or trained in appeals or appelates. [sic]" (ECF No. 1 at 7). It appears that Holmes attempts to present a Sixth Amendment right to effective trial counsel. Specifically, Holmes takes issue with her counsel's cross examination at trial, effectiveness as an attorney, and ability to draft legal arguments. Respondent argues that Holmes did not fairly present a Sixth Amendment right to effective trial counsel claim to the Ohio Supreme Court, she did not properly exhaust a Sixth Amendment right to effective trial counsel claim in state court, she inexcusably procedurally defaulted her alleged Sixth Amendment right to effective trial counsel claim, and her claim is meritless. (ECF No. 10 at 28-29). This Court agrees that Holmes procedurally defaulted on her ineffective assistance of counsel claim.

Holmes, who was represented by counsel on appeal, failed to raise an ineffective assistance of counsel claim on direct appeal. (*See* ECF No. 10-1, Ex. 17). "Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, res judicata bars their litigation in

subsequent state proceedings." *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus para. 8, 9.). However, Holmes was represented by Kenneth Rexford both in the county proceedings and on appeal. (*See id.*, Ex. 5 and 17). "Normally, counsel are not expected to raise the issue of their own ineffectiveness; failure to do so will not bar the claim because of res judicata." *Moore v. Mitchell*, 708 F.3d 760, 778 (6th Cir. 2013) (citing *State v. Lentz*, 70 Ohio St. 3d 527, 639 N.E.2d 784, 785–86 (1994) ("[S]ince counsel cannot realistically be expected to argue his own incompetence, res judicata does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief." (Citation and internal quotation marks omitted))). "Under Ohio law, when the same attorney represents a defendant at trial and on direct appeal, claims of ineffective assistance of trial counsel generally are raised in a post-conviction action and the claims are not barred by res judicata." *Landrum v. Mitchell*, 625 F.3d 905, 920 (6th Cir. 2010) (citing *Gulertekin v. Tinnelman–Cooper*, 340 F.3d 415, 425 n. 5 (6th Cir. 2003) (citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, 171 n. 1 (1982)); *see also Smith v. Anderson*, 104 F. Supp. 2d 773, 800–01 (S.D. Ohio 2000), *aff'd sub nom. Smith v. Mitchell*, 348 F.3d 177 (6th Cir. 2003) ("a post-conviction petition is the appropriate remedy for asserting ineffective assistance of counsel claims when a defendant is represented by his trial counsel in his direct appeal to the Ohio Court of Appeals")). Accordingly, Holmes's failure to raise the issue on direct appeal does not bar her ineffective assistance of counsel claim. Instead, Holmes could have properly raised her ineffective counsel claim in a petition for postconviction relief. *Id.* Holmes has not raised this claim in a postconviction petition, in her appeal to the Ohio Supreme Court, nor at any point prior to her habeas petition; it is, therefore, unexhausted.

However, Holmes's petition for postconviction relief needed to be filed within 365 days of the filing of the transcript in her direct appeal. *See* Ohio Rev. Code Ann. § 2953.21 (the petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction"). The transcript was filed in her direct appeal on January 14, 2019, therefore her postconviction petition was due on or before January 14, 2020. Holmes has never raised her ineffective assistance of counsel claims in a postconviction matter before the Ohio court of appeals and can no longer do so. Thus, Holmes's habeas claim is procedurally defaulted. *Adams*, 2016 WL 6610219, at *2 (citing *O'Sullivan*, 526 U.S. at 848).

The Court may review a prisoner's procedurally defaulted claims on the merits only if she shows cause for not raising her claims at all levels of state court review and prejudice, or that she is actually innocent of the crimes for which he was convicted. *See Gray*, 518 U.S. at 162; *Hannah*, 49 F.3d at 1196, n. 3; *Coleman*, 501 U.S. at 750–51. Holmes has neither alleged nor established cause to excuse her procedural default here. (*See* ECF Nos. 12, 13, 15, 17, and 17). When cause has not been shown, the Court need not consider whether actual prejudice has been demonstrated. *See, e.g.*, *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nor has the petitioner shown actual innocence. (*See* ECF Nos. 12, 13, 15, 17, and 17). Therefore, her procedural default will not be excused on this ground.

Accordingly, Holmes's Ground Two procedurally defaulted and should be dismissed.

## C. Ground Three

In Ground Three, Holmes asserts that the trial court erred by denying her motion to suppress evidence of pills found during the search of her vehicle because the officers were looking for marijuana but could plainly see that the pill bottle contained pills and not marijuana.

(ECF No. 1 at 5). In the return of writ, Respondent argues that the claim is non-cognizable. (ECF No. 10 at 50 (citing *Stone v. Powell*, 428 U.S. 465 (1976)). Respondent asserts that "Holmes was able to fully and fairly litigate her Fourth Amendment claims in state court[.]" (ECF No. 10 at 38).

The Court agrees with Respondent that the Holmes has not presented a cognizable Fourth Amendment argument. In considering a Fourth Amendment claim on habeas review, a district court must "make two distinct inquiries… [First,] whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim…. Second, … whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted). If a petitioner cannot demonstrate both elements, then her Fourth Amendment claim is not cognizable. *Id.*

The Sixth Circuit has long held that Ohio courts provide, in the abstract, procedural mechanisms to raise Fourth Amendment claims under Ohio Crim. R. 12 and Ohio App. Rs. 3 and 5. *Id.* Holmes does not assert specifically that those mechanisms failed her, thereby frustrating her presentation of the issue. Moreover, the record demonstrates that Holmes filed a memorandum regarding merger of the offenses (ECF No. 10-1, PageID #: 146, Ex. 3) and a motion to suppress. (*Id.*, PageID #: 156, Ex. 4). The state trial court held a suppression hearing (Transcript, Tr. Vol. 1), Holmes filed written closing arguments (*id.*, PageID #: 159, Ex. 5), the State filed written closing arguments (*id.*, PageID #: 163, Ex. 6), Holmes filed a reply (*id.*, PageID #: 172, Ex. 7), and the trial court denied Holmes's motion to suppress (*id.*, PageID #: 174, Ex. 8). Holmes appealed the denial of her suppression motion to the Ohio Court of Appeals (*id.*, PageID #: 232, Ex. 17 and Ex. 19), which affirmed the conviction (*id.*, PageID #: 390-95, 398, Ex. 20); and appealed to the Ohio Supreme Court (*id.*, PageID #: 401, Ex. 22), which denied

jurisdiction (*id.*, PageID #: 454, Ex. 23). The record demonstrates that Holmes's presentation of her claim was not frustrated because of a failure of the procedural process.

Accordingly, the Court recommends dismissing Holmes's Ground Three as not cognizable. *Riley*, 674 F.2d at 526-27.

## VII. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Holmes's grounds for relief are procedurally defaulted and not cognizable. If the Court accepts the foregoing recommendation, then Holmes has not made a substantial showing of a denial of a constitutional right. She would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VIII. Recommendation

Holmes has presented only procedurally defaulted and not cognizable claims. Thus, I recommend that the Court deny her petition in its entirety and not grant her a certificate of appealability.

DATED: November 15, 2023

*s/Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).